FILED & JUDGMENT ENTERED
David E. Weich

Oct  07  2010

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE:<br><br>STONEBRIDGE OF MINT HILL, LLC,<br><br>Debtor. | CASE NO.  10-31578<br><br>CHAPTER  11 |
| WELLS FARGO BANK, N.A., successor by merger to WACHOVIA BANK, N.A.,<br><br>Plaintiff,<br><br>vs.<br><br>STONEBRIDGE OF MINT HILL, LLC, JOHN KEVIN COBB, BEVERLY A. COBB, MAX B. SMITH, JR., CHRISTY C. SMITH, and W. JEFFERSON LEATH,<br><br>Defendants. | Adv. Proc. No. 10-03181 |

**ORDER GRANTING PLAINTIFF'S MOTION TO
<u>DISMISS COUNTERCLAIMS</u>**

This matter came before the Court for hearing on September 17, 2010, on Plaintiff's Motion to Dismiss the Counterclaims of Defendant Stonebridge of Mint Hill, LLC and W. Jefferson Leath [D.E. 9] (the "Motion"), filed by Plaintiff Wells Fargo Bank, N.A., successor by merger to Wachovia Bank, N.A. (the "Lender"), pursuant to Rule 12(b)(6) of the Federal Rules

of Civil Procedure (the "Federal Rules"), made applicable to this proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Lender seeks dismissal of all counterclaims asserted in the Amended Answer, Counterclaim, and Third Party Complaint and Demand for Jury Trial filed by Defendant Stonebridge of Mint Hill, LLC (the "Debtor") and the Amended Answer, Counterclaim, and Third Party Complaint and Demand for Jury Trial filed by Defendant W. Jefferson Leath ("Leath" and, collectively with the Debtor, the "Borrower Parties").

David M. Schilli, Esq. and Andrew W. J. Tarr, Esq. appeared for the Lender; Timothy W. Bouch, Esq. appeared for the Borrower Parties; and Richard S. Wright, Esq. appeared for the Debtor. Based on a review of the court file, the submissions of the parties, and the arguments of counsel, the Court finds and concludes as follows:

1. On March 4, 2010, the Lender filed this collection action in Mecklenburg County Superior Court (the "State Court") to collect on a commercial real estate loan (the "Loan") and related personal guaranties, all connected with the Stonebridge residential subdivision development in Mint Hill.

2. On June 3, 2010, the Debtor filed a voluntary petition for relief under Chapter 11 in this Court.

3. On July 9, 2010, the Lender timely filed a notice of removal in this Court, removing all claims and counterclaims between the Lender and all defendants. The Lender filed the Motion on August 16, 2010.

4. In their amended answers filed in the State Court, the Borrower Parties admit their failure to timely repay the Loan. However, they assert identical counterclaims against the Lender for negligence and breach of fiduciary duty, alleging generally that the Lender failed to

properly underwrite the Loan and made unspecified misrepresentations about the quality and safety of the Loan; the Lender caused or substantially contributed to the international financial crisis, and more specifically the collapse of the Charlotte real estate market resulting in the Debtor's inability to repay the Loan; and, after the Borrower Parties defaulted on the Loan, the Lender refused to make an unspecified Loan modification and discussed the Stonebridge project with potential purchasers. Leath also asserted a claim for reformation of his unconditional guaranty solely directed at avoiding liability for the Lender's attorneys' fees, claiming that the provision was not bargained for and lacked consideration.

5.  Under Federal Rule 81(c) and Bankruptcy Rule 9027(g), the Federal Rules apply to a civil action after it is removed from a state court. Accordingly, this Court evaluates the Borrower Parties' counterclaims under the federal pleading standard announced by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). The precedent in the Western District of North Carolina is clear: The Federal Rules "govern procedural law and North Carolina 'pleading requirements, so far as they are concerned with the degree of detail to be alleged, are irrelevant in federal court even as to claims arising under state law.' " *See Jackson v. Mecklenburg County*, 2008 U.S. Dist. LEXIS 104410, *5-6 (W.D.N.C. July 30, 2008) (quoting *Andresen v. Diorio*, 349 F.3d 8, 17 (1st Cir. 2003)). *See also Rankin v. Mattamy Homes Corp.*, 2010 U.S. Dist. LEXIS 88552, *8 (M.D.N.C. 2010) (claimant is "not absolved of the pleading requirements under the federal rules and *Twombly* and *Iqbal* simply because the action was first filed in state court").

6.  To withstand a motion to dismiss pursuant to Federal Rule 12(b)(6), the Borrower Parties' counterclaims must "contain sufficient factual matter, accepted as true, to state a claim for relief *that is plausible on its face*." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009)

3

(quoting *Iqbal*, 129 S. Ct. at 1949) (internal quotations omitted) (emphasis in original).  The counterclaims "must contain 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Twombly*, 550 U.S. at 555).  The Borrower Parties must "articulate facts, when accepted as true, that show that the plaintiff has stated a claim entitling him to relief, *i.e.*, the plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted).  Moreover, the Court does not accept allegations that are contradicted by exhibits; rather, in that event, the terms of the exhibits prevail.  *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991).  Finally, deciding a motion to dismiss "requires the reviewing court to draw on its judicial experience and common sense." *Francis*, 588 F.3d at 193 (quoting *Iqbal*, 129 S. Ct. at 1950).

7.    As detailed below, the Borrower Parties' counterclaims fail to satisfy the applicable federal pleading standard and should be dismissed.  Nevertheless, the Borrower Parties contend that an arguably more lenient pleading standard under North Carolina procedural rules is the proper standard because the lawsuit was originally filed in the State Court.  The Court rejects that contention, but, even if it did apply, the Borrower Parties' counterclaims still fail to state a claim for relief and should therefore be dismissed.  As stated more fully on the record at the conclusion of the hearing, the Borrower Parties have alleged claims that are, at best, implausible; the only facts they have alleged are either expressly contradicted by the Loan Documents or simply not actionable.

8.    <u>The Negligence Claims</u>.  In an ordinary lending relationship, a lender owes only the duties set forth in the lending contract. *Branch Banking & Trust Co. v. Thompson*, 107 N.C. App. 53, 61, 418 S.E.2d 694, 699 (1992).  The Borrower Parties do not claim the Lender has breached any duties under the Loan Documents.  Rather, the Borrower Parties claim that the

4

Lender was negligent in performing its underwriting of the Loan, in failing to modify the Loan after they defaulted, and in discussing the Stonebridge project with potential purchasers after they defaulted. These claims all fail because the Borrower Parties have not alleged any actionable facts to support the theory that the Lender owed them any duties other than those set forth in the Loan Documents. *See, e.g., Oberlin Capital, L.P. v. Slavin*, 147 N.C. App. 52, 58, 554 S.E.2d 840, 846 (2001) (legal duty to act is essential element of negligence claim). In fact, in the Loan Documents they signed, the Borrower Parties acknowledged that the Lender owed them no special legal duty. As a matter of law, based on the foregoing alone, the Borrower Parties' negligence claims fail to state a claim.

9. <u>Breach of Fiduciary Duty Claims</u>. The Borrower Parties' breach of fiduciary duty claims are premised on the same allegations as their negligence claims. Their breach of fiduciary duty claims similarly fail because they have not alleged any indicia of domination or control exercised by the Lender over the Borrower Parties, an essential element of the claim under North Carolina law. *See Edwards v. Northwestern Bank*, 39 N.C. App. 261, 277, 250 S.E.2d 651, 662 (1979); *Reeve & Associates, Inc. v. United Carolina Bank*, 1997 NCBC LEXIS 7, *7-8 (Oct. 6, 1997). Moreover, despite their conclusory allegation that the Lender and the Borrower Parties were participants in a joint venture, the Borrower Parties have not alleged any actionable facts to support their allegation. *See Edwards*, 39 N.C. App. at 275, 250 S.E.2d at 661. Based upon the allegations and the Loan Documents, the Lender and the Borrower Parties were involved in a typical lender-borrower relationship, nothing more. As a matter of law, the Borrower Parties' breach of fiduciary duty claims fail to state a claim.

10. <u>Negligent Misrepresentation Claim</u>. The Borrower Parties also have not alleged any actionable facts to support their negligent misrepresentation claim. That claim requires the

5

Borrower Parties to identify a false or misleading representation and allege that they were "denied the opportunity to investigate or that [they] could not have learned the true facts by exercise of reasonable diligence." *Oberlin Capital*, 147 N.C. App. at 59, 554 S.E.2d at 847. The Borrower Parties have not identified any specific misrepresentation by the Lender, nor have they alleged that their reliance on any such misrepresentations was reasonable. Moreover, the Borrower Parties' conclusory allegation that the Lender's assurances to them "were a material inducement" to the Debtor's acceptance of the Loan expressly contradicts their acknowledgements in the Loan Documents: The Debtor acknowledged in the loan agreement that it did not rely on any experience, awareness or expertise of the Lender, and Leath acknowledged in his guaranty that he had conducted his own investigation. Therefore, the Borrower Parties' negligent misrepresentation claim fails as a matter of law.

11.   The Economic Collapse. The Borrower Parties also allege – in the most general terms imaginable – that the Lender is liable to them for causing the global economic recession, and more specifically the collapse of the Charlotte real estate market, which ultimately caused the Debtor's inability to repay the Loan. Indeed, in their papers, including the opposition to the Motion, and at the hearing, the Borrower Parties provided the Court with no factual allegations to support their conclusory allegations. Any claim based on these allegations, which are nothing more than mere labels and conclusions, cannot survive Federal Rule 12(b)(6) scrutiny for that reason and for the reason more fully stated on the record at the conclusion of the hearing.

12.   Breach of Duty of Good Faith and Fair Dealing. In opposing the Motion (but not in the counterclaims themselves), the Borrower Parties also claim that the Lender breached a covenant of good faith and fair dealing. While this duty is implied in every contract in North Carolina, the Borrower Parties cannot simply claim in conclusory fashion the duty has been

6

breached; they must allege facts that are actionable to support the claim. They have not, and this claim therefore also fails as a matter of law. *See Twombly*, 550 U.S. at 555 ("labels and conclusions" are insufficient to state a claim for relief).

13. <u>Reformation of the Guaranty</u>. Leath alleges that the attorneys' fee provision in the unconditional guaranty he signed was not bargained for and lacked consideration. This allegation is belied by the terms of his unconditional guaranty. There, Leath expressly acknowledged that his guaranty induced the Lender to "make, extend or renew loans, advances, credit, or other financial accommodations to or for the benefit of [the Debtor], which are and will be to the direct interest and advantage of [Leath]." Leath's unconditional guaranty served as consideration to the Lender for making the Loan, and North Carolina law does not require an attorneys' fee provision in a guaranty agreement to be supported by independent consideration. *Branch Banking & Trust Co. v. Morrison*, 191 N.C. App. 173, 176, 661 S.E.2d 784, 786 (2008). Thus, Leath's reformation claim fails as a matter of law and should be dismissed.

14. The Borrower Parties raised at the hearing on the Motion the possibility of amending their counterclaims. The Court acknowledges its discretion in permitting a party to amend a pleading under Federal Rule 15 when the interests of justice so require. Here, however, based on the entire record in this cause, the Borrower Parties have provided the Court with no basis to believe that granting leave to amend the counterclaims would be worthwhile or anything but futile. Additionally, at no time before the hearing did the Borrower Parties amend their counterclaims as of right under Bankruptcy Rule 7015 or seek leave to amend their counterclaims. The Borrower Parties have not brought forth a single factual allegation that is either actionable or not directly contradicted by the Loan Documents. Therefore, the Borrower Parties shall not be permitted to amend their counterclaims.

NOW THEREFORE, IT IS ORDERED that the Motion be and hereby is granted; and

IT IS FURTHER ORDERED that all of the counterclaims asserted by the Debtor and Leath are dismissed in their entirety with prejudice; and

IT IS FURTHER ORDERED that the Borrower Parties are denied leave to amend their counterclaims.

| | |
|---|---|
| This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order. | United States Bankruptcy Court |